## STATE v. DRAKE.

ADMINISTRATION:   *Settlement of administrator's accounts.*

The settlement of a deceased administrator's accounts, made by the Probate
Court before the appointment of an administrator on his estate, is not binding
upon the sureties on his bond, and cannot be made the basis of an action
against them.

APPEAL from *Randolph* Circuit Court.

J. W. BUTLER, Judge.

The complainant in this action alleges that on the 31st day
of November, 1870, Clayburn Spears and Phœbe Dodd were,
by the Randolph Probate Court, appointed administrators of
the estate of John S. Dodd, deceased, and as such entered
into bond, as required by law, in the penal sum of $3000
with the defendants, Oscar Drake and A. W. James, as
sureties, which bond is made part of the complaint, and was
conditioned among other things that the said Spears and
Dodd would well and truly administer according to law, and

pay the debts of the deceased as far as the assets would extend or the law direct, and would make or cause to be made just and true accounts of their administration, and make due and proper settlements thereof from time to time, according to law, or the lawful order of any court having jurisdiction. That by reason of said Spears having been appointed and confirmed as administrator of the said John S. Dodd, deceased, a large amount of assets came to his hands to be administered, and afterwards, on the 24th day of July, 1872, he filed his second annual settlement, from which it appears that he had in his hands the sum of $603. Prior to filing the second settlement, Phœbe A. Dodd relinquished her interest in the assets of her intestate to her co-administrator, and resigned or was removed as such administratrix. On the 31st day of May, 1871, the party for whose benefit the suit was commenced, recovered a judgment in the Probate Court of Randolph County against the administrators of Dodd, for $969, and that $369 of the same remained unpaid. On the 30th day of October, 1872, Spears died intestate, and at the January term, 1886, of the Randolph Probate Court, A. J. Witt was appointed administrator of his estate, and at the same term of court, he was, as such administrator, ordered to pay off and discharge the claim of said Hecht, which order was filed and made a part of the complaint. 'That said Spears, as administrator of John S. Dodd, deceased, wasted the sum of $369 of the assets of his intestate, and that his legal representatives failed to keep and perform the covenants and conditions in the said bond, and assigned as a breach thereof, that by the terms and conditions of the same it was the duty of Spears and his legal representatives to pay off and discharge the indebtedness of the estate when so ordered to do by the Randolph Probate Court; and that the said Spears did not, as administrator of the estate of John S. Dodd, deceased, leave unadministered any sum with which to pay off and dis-

charge the debts.    The complaint was dismissed on demurrer, and the plaintiff appealed.

*J. C. Hawthorne*, for appellant.

The court erred in sustaining the demurrer.    See *50 Ark., 102; Mansf. Dig., secs. 42, 1200; 40 Ark., 433 ; 34 id., 63 ; 14 id., 179; 65 Ala., 241.*

ADMINIS-
TRATION:
Settlement
of accounts.

PER CURIAM.    The Probate Court's settlement of the deceased administrator's accounts, which is relied upon as the basis of the breach of the bond sued on, was made before the appointment of an administrator of the deceased administrator.

As neither the principal nor his administrator was legally before the Probate Court at the time of the settlement, the judgment of the court was not binding upon the sureties in the bond.    No breach is, therefore, alleged in the complaint, and the judgment sustaining the demurrer is right. *Wycough v. State, 50 Ark., 102,* and cases cited.

Affirmed.